UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Thomas Woods,                                                    Case No. 06-40458
                                                                           Chapter 7
                                         Debtor.                       Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION FOR ORDER CONFIRMING
### THAT THE STAY HAS BEEN TERMINATED UNDER
### SECTION 521(a)(6) OF THE BANKRUPTCY CODE

      On January 16, 2006, the Debtor filed a Chapter 7 petition. On April 4, 2006, DaimlerChrysler Financial Services Americas LLC ("Creditor") filed a motion for an order confirming that the automatic stay has been terminated as to Creditor. The motion recites that the Debtor entered into a retail installment contract pre-petition with the Creditor with respect to a 2002 Jeep Grand Cherokee. The motion further recites that the Debtor failed to redeem, reaffirm or surrender the 2002 Jeep Grand Cherokee within 45 days of the date of the first meeting of creditors in this case, under § 521(a)(6) of the Bankruptcy Code. Finally, the motion recites that because the Debtor failed to so act within 45 days of the date of the first meeting of creditors, then under § 521(a)(6) of the Bankruptcy Code, the 2002 Jeep Grand Cherokee is no longer property of the estate and the stay under § 362(a) of the Bankruptcy Code has been terminated. The Creditor's motion requests that the Court enter an order confirming that the automatic stay has been terminated with respect to Creditor and the 2002 Jeep Grand Cherokee.

      The Creditor's motion essentially requests a comfort order with a declaratory ruling by the Court concerning the meaning of the provisions of § 521(a)(6) of the Bankruptcy Code. This Creditor has in other cases requested similar types of comfort orders, but under different sections of the Bankruptcy Code. In <u>In re Timothy and Annae Sanders</u>, Case No. 06-40096-pjs, the Creditor requested a similar comfort order with respect to a pre-petition lease of a vehicle that had not been timely assumed in that Chapter 7 case and was therefore deemed rejected under § 365(d)(1) of the Bankruptcy Code. In that case, because the lease had been rejected, the Creditor asserted that under § 365(p)(1) of the Bankruptcy Code, the vehicle in that case was no longer property of that estate and the stay under § 362(a) of the Bankruptcy Code was terminated. On April 6, 2006, the Court entered an Order Denying Motion for an Order Confirming That the Stay Has Been Terminated (docket entry #28) in <u>In re Timothy and Annae Sanders</u>. In that order, the Court explained that there were two specific instances in which the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) permits a party in interest to request, and directs the Bankruptcy Court to enter, an order "confirming" the status of the automatic stay. In its order entered in that case, the Court explained the application of each of those two sections. The first of such sections is § 362(c)(4)(A). The second is § 362(j). Because the request for the comfort order

"confirming" the status of the stay was not requested by the Creditor in In re Timothy and Annae Sanders under either of those two specific provisions, but was instead requested by the Creditor under § 365(p)(1) of the Bankruptcy Code, the Court entered the order denying the motion. The same reasoning used in that order applies to the Creditor's motion in this case.

Section 521(a)(6) of the Bankruptcy Code, as amended by BAPCPA, does not authorize a party to request, nor does it direct the Bankruptcy Court to enter, an order "confirming" the status of the automatic stay in the circumstances of § 521(a)(6). Similar to the request made by the Creditor in In re Timothy and Annae Sanders under § 365(p)(1), the Creditor's request in this case, made under § 521(a)(6), is simply not made under one of the two specific instances in which BAPCPA permits a party to request a comfort order "confirming" the status of the stay. Because neither of the two specific sections authorizing the Court to enter a comfort order "confirming" the status of the automatic stay (i.e., § 362(c)(4)(A) and § 365(j)) applies to the circumstances of § 521(a)(6), and because § 521(a)(6) does not itself contain a directive to the Court to enter an order "confirming" that the stay is terminated under that subsection of the Bankruptcy Code, the Court declines to enter a comfort order "confirming" whether the stay has been "automatically terminated" under the circumstances described in § 521(a)(6). Accordingly, the Court hereby adopts and applies to this case its analysis in In re Timothy and Annae Sanders of April 6, 2006 and, therefore,

IT IS HEREBY ORDERED that the Creditor's motion for entry of an order confirming that the automatic stay has been terminated under § 521(a)(6) of the Bankruptcy Code as to the Creditor and the 2002 Jeep Grand Cherokee is denied.

**Entered: April 27, 2006**

                                              **/s/ Phillip J. Shefferly**
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**